## PIERRE MICHEL v. SHUBAEL TENNEY.

The act of 15th April, 1847, limiting the time within which suits were to be brought for the annulment of probate sales made in Lafourche on account of informalities, is constitutional, and all such suits are barred by the prescription mentioned in the act.

APPEAL from the District Court of Lafourche, *Randall*, J. *C. A. Johnson*, for plaintiff. *J. L. Cole*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. The defendant is sued upon two promissory notes signed by him, payable to the order of *Emma Anfoux*, and by her endorsed. These notes were given for the price of a tract of land bought by him of the payee in 1848. She purchased at a probate sale of a succession, in which a minor was interested, made in 1845. The defence is, that the probate proceedings were irregular, and particularly in this, that the probate judge did not sign the *procès verbal* of sale; that the defendant should not be compelled to pay at all, or at least not until the plaintiff has given him security against eviction.

It appears that the defendant has been in quiet possession of the land since his purchase, and that no proceedings have ever been instituted on the part of the minor or others interested in the succession to rescind the sale. There was judgment in favor of the plaintiff; and the only matter which we need notice in affirming the judgment, is the plea of prescription under the statute of 15th April, 1847, p. 88.

The probate proceedings were had before the late Judge McAlister, Parish Judge of the parish of Lafourche Interior, and it seems that in various cases his duty had been loosely discharged. To cut off within a reasonable time the

litigation to which such informalities would give rise, the Legislature thought proper, in 1847, to enact a statute in the following words: "an act to limit the time in which certain persons may institute suit to annul sales of property in which they are interested. Be it enacted by the Senate and House of Representatives of the State of Louisiana in General Assembly convened, That any major or minor heirs, universal or particular legatees, legatees under a universal title, or any person or persons whatever, who have been or are interested in any succession sale made in the parish of Lafourche Interior during the time James McAlister was parish judge of said parish, or who have been or are interested in any succession sale made by any auctioneer under his authority, whether such sale be or be not duly authenticated, shall have the right of instituting suit to annul said sale during only the twelve months which follow the promulgation of the present act: any law or part of law to the contrary notwithstanding."

Under this statute, the informality upon which the defendant relies, was barred by the inaction of the parties interested for a much longer time than is limited by the statute; the defendant is therefore protected by the statute from eviction, and needs no protection from the plaintiff. That the operation of the statute upon the case in question is constitutional, admits of no doubt.

Judgment affirmed, with costs.